# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# SHREVEPORT DIVISION

| | |
|---|---|
| GLENN YOUNG | CIVIL ACTION NO. 15-2759-P |
| VERSUS | JUDGE HICKS |
| WARDEN N. BURL CAIN | MAGISTRATE JUDGE HORNSBY |

# MEMORANDUM ORDER

Before the court is a petition for writ of habeas corpus filed by pro se petitioner Glenn Young ("Petitioner"), pursuant to 28 U.S.C. §2254. This petition was received and filed in this court on November 30, 2015. Petitioner also filed a Motion to Stay in Abeyance Writ of Habeas Corpus Proceedings (Doc. 11). This motion was filed and received in this court on May 23, 2017. Petitioner is incarcerated at the Louisiana State Penitentiary in Angola, Louisiana. He challenges his state court convictions, habitual offender adjudication, and sentences. He names Warden N. Burl Cain as respondent.

On April 4, 2008, Petitioner was convicted of one count of possession of a Schedule II, controlled dangerous substance, and one count of illegal use of a weapon in Louisiana's First Judicial District Court, Parish of Caddo. On April 29, 2008, he was adjudicated a third felony offender. On May 13, 2008, he was sentenced to 50 years imprisonment at hard labor without benefit of parole, probation, or suspension of sentence as to each count. The trial court ordered the sentences to run concurrently.

**Petition for Habeas Corpus**

In support of this petition, Petitioner alleges (1) the evidence was insufficient to support either conviction; (2) the habitual offender adjudication was unconstitutional; (3) the trial court erred in sentencing him after denial of his motion for new trial and without waiver of the 24-hour delay; (4) he was convicted and sentenced for a crime that had no written accusation; (5) his sentences are excessive; (6) his sentence is indeterminate; and (7) he received ineffective assistance of counsel - a) failed to file a motion to suppress; b) failed to object and request exclusion of illegally obtained evidence; c) failed to object to the mention of marijuana; d) failed to file motion to quash and ineffective assistance of appellate counsel; e) trial court failed to note the race and gender of potential jurors and his counsel failed to object to the State's peremptory strikes; f) failed to have bench conferences recorded; g) failed to object to the testimony regarding the ERT entry and request a mistrial; and h) failed to request a special jury instruction regarding accomplice testimony.

Petitioner has failed to demonstrate that he has exhausted claims 1, 2, 3, 5, and 6 in the Supreme Court of Louisiana and claims 7e, f, g, and h in the Louisiana Second Circuit Court of Appeal and the Supreme Court of Louisiana. It is well settled that a petitioner seeking federal habeas corpus relief cannot collaterally attack his state court conviction in federal court until he has exhausted available state remedies. Rose v. Lundy, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982); Minor v. Lucas, 697 F.2d 697 (5th Cir. 1983). This requirement is not a jurisdictional bar but a procedural one

erected in the interest of comity providing state courts first opportunity to pass upon and correct alleged constitutional violations. Picard v. Connor, 404 U.S. 270, 275, 92 S.Ct. 509, 30 L.Ed.2d 438, 443 (1971); Shute v. Texas, 117 F.3d 233 (5th Cir. 1997). Additionally, under 28 U.S.C. §2254(b)(1)(A)[1] the district court is precluded from granting habeas relief on an unexhausted claim.

In light of the above procedural history, the instant petition constitutes a "mixed" petition, having both exhausted and unexhausted claims. When a habeas petition includes both exhausted claims and unexhausted claims, the district court must dismiss the entire "mixed petition." Murphy v. Johnson, 110 F.3d 10, 11, (5th Cir. 1997), quoting, Rose v. Lundy, 455 U.S. at 522, 102 S.Ct. at 1205; Graham v. Johnson, 94 F.3d 958, 968 (5th Cir. 1996).

Because all of Petitioner's claims have not been exhausted in the state courts, this entire petition is subject to dismissal. On the other hand, if Petitioner dismisses his unexhausted claims and asserts only his exhausted claim(s), he may be entitled to go forward. However, Petitioner is put on notice that dismissing the unexhausted claims is not without consequence. If he should dismiss the unexhausted claims at this time, he may be precluded from bringing these claims in the future. Specifically, the law with respect to successive petitions requires a petitioner to obtain authorization from the

---

[1] § 2254 provides, in pertinent part:
(b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court **shall not be granted unless** it appears that--
(A) **the applicant has exhausted the remedies available in the courts of the State;**

appropriate court of appeals before filing a second or successive petition. 28 U.S.C. §2244(b)(3)(A)[2]. Additionally, any future filings may be barred by the one-year statute of limitations imposed by 28 U.S.C. §2244(d)(1)[3].

Thus, Petitioner has three alternatives. He may choose to: (1) maintain this petition with the unexhausted claims with full knowledge that the entire petition is subject to dismissal; or (2) indicate to the court that he wishes to dismiss the unexhausted claims with full knowledge that he will risk the opportunity to present these claims in a successive petition; or (3) dismiss this entire petition so that he can exhaust all of the

---

[2] 28 U.S.C. § 2244(b)(3)(A), provides in pertinent part, "[b]efore a second or successive application permitted by this section [28 U.S.C. § 2254] is filed in the district court, **the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application**."

[3] As a general rule, section 2244(d)(1)(A) requires that a petitioner bring his section 2254 claims within one year of the date his conviction became final. 28 U.S.C. § 2244(d) provides,
> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>   (A) the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review;
> ...
> The section also sets up statutory exceptions which can, in appropriate cases, extend the time for filing a federal habeas petition beyond the one year period after final conviction if the state imposes an unconstitutional impediment to the filing of a federal habeas petition, if the Supreme Court recognizes a new constitutional right and makes that right retroactive to cases on collateral review, or if the petitioner is unable through the exercise of due diligence to discover the factual predicate of the petitioner's federal habeas claim. 28 U.S.C. § 2244(d)(1)(B)(C)and (D).

The time during which a "**properly filed** application for State post-conviction" review is pending shall not be counted toward any period of limitation under this section. 28 U.S.C. 2244 (d)(2).

claims before refiling with full knowledge that he may be barred by the one-year time limitation provision on federal <u>habeas</u> review.

**Motion to Stay in Abeyance**

In support of his motion to stay in abeyance, Petitioner claims he has three additional unexhausted claims based on newly discovered facts not known to him or his attorney. He claims he filed an application for post-conviction relief in the Louisiana First Judicial District Court on March 27, 2017. Petitioner raises the following new claims in his application for post-conviction relief: (1) the Clerk of Court coded the race and gender of prospective jurors on the clerk's jury worksheet and he was prejudiced because he did not know the true identity of each seated prospective juror, (2) former members of the Caddo Parish District Attorney's Office employed a custom, usage, and/or policy to discriminate against African American citizens because of their race and their discrimination is long established, and (3) prospective juror Alicia Kitterlin was not on the general jury pool venire list and she was selected as a juror.

The stay and abeyance requested by Petitioner "should be available only in limited circumstances." <u>Rhines v. Weber</u>, 125 S.Ct. 1528 (2005). Courts should be cautious about granting such stays because they undermine the AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition. <u>Id</u>. A "stay and abeyance is appropriate when the district court finds that there was good cause for the failure to exhaust the claim;

the claim is not plainly meritless; and there is no indication that the failure was for purposes of delay." Id.

The court finds that Petitioner has not shown good cause for his failure to exhaust these three claims prior to filing his petition for habeas corpus. Petitioner has provided no justification for not having discovered these alleged new facts at the time of his trial in 2008. Petitioner provides no explanation as to why he did not discover the clerk's jury worksheet until April of 2016. Furthermore, he knew at the time of his trial that he did not know the true identity of each seated prospective juror. Petitioner admits that the Caddo Parish District Attorney's Office practice of discriminating in the jury selection process is long established. Petitioner provides no explanation as to why he did not receive a copy of his general jury pool venire list until April 29, 2016.

Accordingly;

**IT IS ORDERED** that Petitioner's Motion to Stay in Abeyance Writ of Habeas Corpus Proceedings (Doc. 11) is **DENIED.**

**IT IS FURTHER ORDERED** that Petitioner, within thirty (30) days from the date of this order, expressly state whether he seeks review of the unexhausted claims in this court at this time, whether he wishes to dismiss same, or whether he wishes to dismiss this entire petition to re-file at a later date after he exhausts state court remedies on all claims asserted herein.

**Failure to comply with this court order will result in dismissal of this suit pursuant to rules 41(b) and 16(f) of the Federal Rules of Civil Procedure.**

**THUS DONE AND SIGNED** in Chambers at Shreveport, Louisiana, this 14th day of February, 2018.

Mark L. Hornsby
U.S. Magistrate Judge